# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

TERRY BACON,

    Plaintiff,

v.

THURMAN L. HENDERSON, State Board of Pardons & Paroles; and JERRY WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-139

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court for frivolity review of Terry Bacon's pleading filed on December 10, 2015. (Doc. 1.) For the following reasons, I **RECOMMEND** that the Court **DISMISS** Bacon's cause of action **without prejudice** for Bacon's failure to follow this Court's Orders and for Bacon's failure to state a claim for relief under Section 1983. I further **RECOMMEND** that the Court **DENY** Bacon leave to appeal *in forma pauperis*.

## BACKGROUND

Terry Bacon ("Bacon"), an inmate at Georgia State Prison in Reidsville, Georgia, filed a pleading with this Court on December 10, 2015, and a contemporaneously filed Motion for Leave to Proceed *in Forma Pauperis*. (Docs. 1, 2.) The relief Bacon seeks in this pleading is difficult to decipher, and the Clerk of Court docketed his pleading as a complaint brought pursuant to 42 U.S.C. § 1983. The Court granted Bacon leave to proceed *in forma pauperis* and provided instructions to Bacon for the procession of this case. (Doc. 3.) Included in the Court's instructions were the directives to provide a completed Prisoner Trust Fund Account Statement, with supporting documentation, and an executed Consent to Collection of Fees from Trust

Account form. (Doc. 3, p. 3.) Bacon submitted these forms on January 28, 2016. (Doc. 4, 5.) However, Plaintiff did not sign the Consent to Collection of Fees form, and the Prison Trust Fund Account form was not filled out by a prison official, as required by the Prison Litigation Reform Act. (Docs. 4, 5.) In addition, the Prison Trust Fund Account form contained no information or the required account statement ledger. The Court directed the Clerk of Court to serve another copy of these required forms to Bacon and advised Bacon that he must return these properly-completed forms on or before March 12, 2016. (Doc. 8, p. 2.) Bacon was also advised that his failure to timely comply with the Court's Order would result in the dismissal of his case. (Id.) Bacon has failed to comply with this Court's Order and instead, he has filed pleadings docketed as "Motion for Re-Computation of Sentence" and "Motion to Suppress Evidence False Imprisonment". (Docs. 12, 14.)

## DISCUSSION

The Court must now determine how to address Bacon's failure to comply with this Court's directives. For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Bacon's Complaint without prejudice and **DENY** Bacon leave to appeal *in forma pauperis*.

**I.    Dismissal for Failure to Follow this Court's Order**

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims,

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.

comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251

F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). Bacon failed to comply with this Court's directive to properly complete his *in forma pauperis* forms in a timely manner and was forewarned that his failure to comply with the Court's directives would result in the dismissal of his cause of action. Thus, Bacon's "Complaint", (doc. 1), should be **DISMISSED without prejudice** for failure to failure to follow this Court's Order, and this case should be **CLOSED**.

## II.   Recharacterization of Bacon's Pleading

In addition to the recommended dismissal for Bacon's failure to comply with the Court's directive, I **RECOMMEND** Bacon's pleading, which has been filed as being brought pursuant to 42 U.S.C. § 1983, be **DISMISSED** for failure to state a claim for relief pursuant to Section 1983.

"Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States District Court, 523 F. App'x 691, 694 (11th Cir. 2013). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent

application of formal labeling requirements, or to create a better correspondence between the substance of the motion and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82).

When a state prisoner challenges the "'fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). However, Bacon must exhaust his available state remedies before a federal court can address these claims. 28 U.S.C. § 2254(c).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Bacon has not shown an absence of available State corrective process or that the State has waived the exhaustion requirement. In fact, Bacon admits that he has not exhausted his state remedies as to his claims. (Doc. 1, pp. 2–4.) Consequently, to the extent Bacon's pleading can be construed as a section 2254 petition (he seeks his release from detention), I **RECOMMEND** that the Court **DISMISS** any such petition based on Bacon's failure to exhaust his available state court remedies prior to the filing of this cause of action.

### III. Bacon's Putative Section 1983 Claims

Finally, Bacon's pleading should be dismissed because he fails to state a viable Section 1983 claim. Bacon's pleading appears to center on his prior conviction in Effingham County Superior Court. However, Bacon fails to indicate that his conviction has been reversed, expunged, invalidated, called into question by a federal court's issuance of the writ of habeas corpus, or otherwise overturned. (Doc. 1.) Consequently, this Court is precluded from reviewing his claims by the decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding was terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487. Although Heck involved a claim brought under 42 U.S.C. § 1983 for money damages, Heck's holding has been extended to claims seeking declaratory or injunctive relief as well as money damages.[2] See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

"Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement." Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011), *report and recommendation adopted by* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09–cv–324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla.

---

[2] In addition to seeking his release, Bacon requests monetary damages in the amount of $2,000,500. (Doc. 1, p. 6.)

Aug. 25, 2009) (finding plaintiff's claims barred by Heck's favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court)); Domotor v. Wennet, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because the plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); St. Germain v. Isenhower, 98 F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by Heck ); see also Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013), *report and recommendation adopted by* No. CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by* No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Bacon has not shown that his conviction or sentence has been favorably terminated. Quite the contrary, Bacon's chief complaint is that the conviction and sentence have not been reversed, and that he is still being detained due to that conviction. (Docs. 1, 12, 14.) Accordingly, Bacon's claims are unquestionably precluded by the Heck decision.

Additional grounds support dismissal of Bacon's putative Section 1983 claims. Pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Bacon's claims, which essentially seek review of a state-court criminal conviction against him. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of

Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, 620 F. App'x 881, 882 (11th Cir. 2015). Nor under the Rooker-Feldman doctrine may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)). "Rooker-Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Because Bacon, through this Section 1983 action, essentially asks this Court to invalidate his conviction by the Effingham County Superior Court, this Court lacks jurisdiction over his claims.[3]

For these reasons, the Court should **DISMISS** Bacon's claims in their entirety.

## IV. Leave to Appeal *In Forma Pauperis*

The Court should also deny Bacon leave to appeal *in forma pauperis*. Though Bacon has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691

---

[3] Even if this Court had jurisdiction over Bacon's claims, venue would lie in this Court's Savannah Division, as Bacon is attacking his conviction obtained in Effingham County. 28 U.S.C. § 90(c)(3).

10

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Bacon's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Bacon *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, it is my **RECOMMENDATION** that the Court **DISMISS** this action **without prejudice**, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Bacon leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Bacon at his last known address.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of April, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA